■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS J. LEFKOWITZ, as Attorney-General, et al., Appellants, v. ANDREW A. CARLSON, Respondent.— Judgment unanimously reversed on the law and facts, without costs of this appeal to any party, and a new trial granted. Memorandum: The question here presented is whether the defendant is now, and prior to July 1, 1952 was, engaged in operating a subdivision within the meaning of sections 1115 to 1118 and former section 89 of the Public Health Law. The Official Referee found that the defendant's activities did not bring him within the statutes and therefore granted judgment dismissing the complaint. The definition of " subdivision " found in the Real Property Law in the article dealing with installment sales of subdivision lots (art. 9-A, consisting of §§ 337–339-c, as added by L. 1936, ch. 868) applied by the Referee in reaching his decision had no bearing on the meaning of the word as used in the Public Health Law. That article was intended to prevent fraudulent practices in the sale of subdivison lots on the installment plan (1948 Atty. Gen. 205). Naturally, for the purposes of article 9-A, the term subdivision was defined as meaning " vacant land * * * sold or leased on the installment plan " (Real Property Law, § 337). The Referee held that definition to be applicable to the Public Health Law section and he therefore held that, since there was no proof that installment sales were contemplated, the section did not apply to the defendant's subdivision. The definition of " subdivison " in section 337 of the Real Property Law had no bearing upon the use of the term by the Legislature in adopting section 89 of the Public Health Law. In fact, the Real Property Law section was not in existence in 1933 when section 89 of the Public Health Law was first adopted, the Real Property Law section not having been adopted until 1936. The Real Property Law section expressly stated that it defined the term subdivision only " as used in this article ", namely, article 9-A of the Real Property Law. The Public Health Law section had a wholly different purpose from the Real Property Law article. Its objective was to assure proper water and sewage facilities in subdivision developments and this purpose, of course was equally applicable whether the lots were sold on the installment plan or were sold outright. In the absence of an internal statutory definition, the Referee should not have sought out an irrelevant definition of the term " subdivision " in a different context but should have applied the ordinary or common definition of

the term. (Appeal from judgment of Chautauqua Supreme Court dismissing plaintiff's complaint and dissolving a temporary injunction.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.